Whitehead v. Jones.

----

## Silas S. Whitehead v. E. D. Jones, Adm'r.

1. JUDGMENT—*When it May Exceed Amount Indorsed on Summons.*—A transcript from a justice of the peace showed the amount sued for, and that the defendant entered his appearance and waived service. *Held,* that under these circumstances the summons was wholly unimportant, and the fact that the judgment was for an amount in excess of the demand indorsed on the summons did not render it erroneous.

2. ATTORNEYS—*Must Pay Money Collected to Person for Whom it Was Received.*—A person who receives money as the attorney of an administrator can not set up as a defense, when sued therefor, that the money should go to the heirs, but must pay it over to the administrator, in whom the legal title vests upon the payment to the attorney.

Transcript, from a justice of the peace. Appeal from the Circuit Court of Clark County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1896. Affirmed. Opinion filed June 16, 1897.

S. S. WHITEHEAD, appellant, *pro se.*

NEWTON TIBBS, attorney for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This case was brought before a justice of the peace and removed by appeal to the Circuit Court, where the plaintiff recovered a verdict and judgment for $91.15, from which defendant has appealed to this court.

A formal objection is that the demand indorsed on the summons was $70.38 and that the judgment is for a larger sum.

The transcript of the justice shows that the demand sued for was $91.15, and that the defendant waived service and entered his appearance. This dispensed with the summons and was in effect an appearance to a demand for the amount stated $91.15. For some reason plaintiff afterward asked leave to amend his claim to show demand $91.15. The transcript then reads " motion allowed and claim amended so as to show $90.15." Evidently by a slip of the pen or some oversight the amount was made too small by one dollar.

No further notice of the matter appears until after the verdict was rendered in the Circuit Court when the plaintiff moved to amend summons " so as to insert amount $91.15," and defendant moved for a new trial. One of the grounds of the latter motion was that the verdict was in excess of the amount indorsed on the summons.

It does not appear that the court ruled specifically on the plaintiff's motion to amend, but the motion for new trial was overruled, which may be regarded as in effect including leave to make the amendment. But, as suggested, the entry by the defendant of his appearance and waiving service to a demand for $91.15 rendered the summons wholly unimportant, indeed superfluous, and it is immate-

rial whether the subsequent motions to amend were effectual or not. In any view of the matter, the judgment ought not to be reversed for this cause.

The claim made by the plaintiff was for money collected by the defendant as an attorney at law.

It appears that the defendant had been employed by said Nancy Craig to foreclose a mortgage held by her against one Harris. There were complications not necessary to be stated which prolonged the proceedings, pending which the said Nancy Craig died intestate, and the plaintiff Jones was appointed her administrator, and as such was made complainant in her stead. The husband and heirs at law of said Nancy were also made parties. After some further delay the case was adjusted by the payment of five hundred dollars, of which the sum of two hundred dollars was paid to the heirs at law of said Nancy, and three hundred to her administrator, the plaintiff, the last named sum being actually received by the defendant as the attorney of the administrator.

It is to recover a balance of this sum remaining in the hands of the defendant, and not accounted for, that this suit was brought. The defendant held the view that the administrator had no right to receive the money, but that it should be paid directly by the defendant to the distributees of the said Nancy Craig. It is unnecessary to state in detail the line of argument on which this contention is based, but, in substance, it seems to be that it was so understood when the compromise was made, and indeed, as stated, two hundred dollars was then paid to the heirs at law.

Just why this was done is not very clear, but be that as it may, the residue, three hundred dollars, was in fact paid to the defendant for the administrator, and the defendant signed a receipt therefor accordingly, as the attorney of the administrator.

Whether there was any indebtedness of the estate to which this money was applicable need not be ascertained. The legal title thereto was in the administrator, and the legal duty rested upon him to collect and account for it in

the proper way. It seems that defendant, acting upon his view of the matter, had paid a part of it to the distributees and was entitled to retain his fees for legal services, and that the amount recovered here was the balance after giving him credit for such payment and for his fees. It was his duty to pay to the plaintiff as such administrator, and upon the facts as shown by the record, the judgment was necessarily for the plaintiff.

The action of the court in giving and refusing instructions and in denying the motion for new trial and rendering judgment on the verdict, upon this theory as to the legal rights of the parties, was correct. The judgment will be affirmed.